UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELIZABETH ALCANTARA,

       Plaintiff,

  v.

GROWERS TRANSPLANTING, INC.,

       Defendant.

Case No.  5:17-cv-06965-EJD

**ORDER GRANTING STIPULATED REQUEST FOR JUDICIAL APPROVAL**

Re: Dkt. No. 30

Plaintiff Elizabeth Alcantara ("Plaintiff") and Defendant Growers Transplanting, Inc. ("Defendant") have filed a Stipulated Request for Judicial Approval of Comprise and Dismissal of Plaintiff's claims brought under the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  Motion ("Mot"), Dkt. No. 30.  For the foregoing reasons, the motion is GRANTED.

Plaintiff worked as a cost accountant for Defendant roughly from April 2016 to June 2017. Complaint ("Compl."), Dkt. No. 1, at ¶ 19.  On December 1, 2017, Plaintiff initiated the present lawsuit, alleging that she routinely worked in excess of forty hours per week but Defendant improperly categorized her as exempt from FLSA's overtime pay standards and failed to pay her overtime wages to which she was entitled.  Compl. ¶¶ 27-40.  Defendant denied these allegations, taking the position that Plaintiff was properly classified as exempt from overtime pay and that, in the alternative, she did not work any hours triggering an obligation to pay overtime premiums. Answer, Dkt. No. 12, at ¶ 28; Mot. at 1.

"The [FLSA] seeks to prohibit 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'"

*Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11 (2011) (quoting 29 U.S.C. § 202(a)).  "It does so in part by setting forth substantive wage, hour, and overtime standards."  *Id.*

FLSA's provisions are mandatory and "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute."  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S. Ct. 1437, 1445 (1981).  Accordingly, FLSA claims cannot be settled without supervision of either the Secretary of Labor or a district court.  *See Barrentine*, 450 U.S. at 740; *Yue Zhou v. Wang's Restaurant*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1, n.1 (N.D. Cal. Aug. 8, 2007).  The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved.  *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016).  However, district courts in this circuit have generally turned to the standard adopted in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 135253 (11th Cir. 1982), looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute.  *See, e.g.*, *Dunn*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3; *Selk v. Pioneers Memorial Healthcare District*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016); *Yue Zhou*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1.

After carefully reviewing the parties' settlement agreement (Ex. A, Dkt. No. 30), the Court finds that it satisfies this standard.  There appears to be a bona fide dispute: Plaintiff asserts that she was improperly classified as exempt from FLSA and is owed overtime pay, whereas Defendant contends that she was not improperly classified and that, even if she was, she is not entitled to overtime pay.  Compl. ¶¶ 27-40; Answer ¶¶ 27-40; Mot. at 1-2.  In addition, the settlement appears to be a fair and reasonable resolution of this dispute.  It was negotiated at arm's length before an experienced mediator, where both of the parties were represented.  Mot. at 1-2.  It provides compensation representing the various types of damages Plaintiff sought, including unpaid wages, liquidated damages and interest, and also covers attorneys' fees.  *See* Dkt. No. 16 at 6-7.  Finally, this action was resolved quickly, within less than eight months of the filing of the complaint.  The cost and expense of continued litigation would be high relative to the amount

reached in settlement.  *See* Mot. at 2.  Accordingly, for all these reasons, approval of this settlement is warranted.

The Stipulated Request for Judicial Approval of Comprise and Dismissal (Dkt. No. 30) is GRANTED.[1]  This action is DISMISSED WITH PREJUDICE, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 17, 2018

EDWARD J. DAVILA
United States District Judge

---

[1] The earlier-filed Stipulated Request for Judicial Approval of Comprise and Dismissal (Dkt. No. 29), which is a duplicative stipulation that did not attach the settlement agreement, is TERMINATED AS MOOT.

Case No.: 5:17-cv-06965-EJD
ORDER GRANTING STIPULATED REQUEST FOR JUDICIAL APPROVAL

3